Bernard R. Mazaheri
Oregon Bar Number 196610
Mazaheri & Mazaheri
PO Box 656
Frankfort, Kentucky 40602
Email - Bernie@TheLaborFirm.com
Tel – (502) 475-8201
*Attorney for Plaintiff Angela Marker*

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
### Portland Division

| | |
|---|---|
| **ANGELA M. MARKER,** | **Case Number** 3:23-cv-1548 |
| **Plaintiff,** | **COMPLAINT** |
| | **Religious Discrimination** |
| **v.** | **42 U.S.C. § 2000e-5(f)(3)** |
| | **DEMAND FOR JURY TRIAL** |
| **OREGON HEALTH & SCIENCE** | |
| **UNIVERSITY,** | |
| **Defendant.** | |

      1.    The Plaintiff, Angela M. Marker, sues Defendant, Oregon Health and Science University, pursuant to the Civil Rights Act of 1964 (Title VII) for failure to accommodate and religious discrimination.

      2.    The Honorable Court has original jurisdiction pursuant to Title VII.

      3.    Venue is appropriate in the Portland Division pursuant to LR

Page 1 – COMPLAINT & JURY DEMAND

3-2(a)(1), because Defendant conducts business in Multnomah County, Oregon.

      4.     Plaintiff resides in Vancouver, Washington.

      5.     The discriminatory actions occurred in the State of Oregon.

      6.     Defendant employs over 500 employees.

      7.     Plaintiff began working for Defendant on or about June 18, 2001.

      8.     On or about July 30, 2021, Plaintiff first notified Defendant of her sincerely held religious belief.

      9.     Defendant could have offered a reasonable accommodation to Plaintiff that did not cause an undue hardship.

      10.     Yet, Defendant chose not to make such an accommodation to Plaintiff.

      11.     Defendant denied Plaintiff's religious accommodation request on or about October 4, 2021.

      12.     Defendant placed Plaintiff on unpaid paid leave on or about October 19, 2021.

      13.     Defendant terminated Plaintiff on or about December 2, 2021.

14.    Plaintiff's position at the time of her termination was Patient Access Coordinator.

15.    Plaintiff is a devout Christian.

16.    Plaintiff was baptized by the Southwest Hills Baptist Church of Beaverton, Oregon.

17.    Plaintiff engages in Christian fellowship.

18.    Plaintiff studies the bible.

19.    Plaintiff's diet is dictated by her family's religious beliefs.

20.    Plaintiff does not believe in altering her body.

21.    Plaintiff regularly practices her faith.

22.    Defendant mandated the Covid-19 vaccine.

23.    Plaintiff does not believe that the Covid-19 vaccine may be taken in accordance to God's will.

24.    Plaintiff specifically believes that Covid-19 vaccine violates her sincerely held religious belief.

25.    Plaintiff worked remotely.

26.    Plaintiff's supervisors supported the accommodation of working remotely.

27.    Defendant instituted a Covid-19 vaccine policy.

28.    Defendant's Covid-19 vaccine policy discarded with the views of people like Plaintiff.

29.    Defendant rejected Plaintiff's sincerely held religious beliefs.

30.    Defendant took the position that Plaintiff's sincerely held religious beliefs were not theology and did not deserve Title VII protection.

31.    Defendant judged Plaintiff's religious beliefs and held that they were not sound.

32.    Defendant demanded that Plaintiff comply with Defendant's religious interpretations in order to continue to work for Defendant.

33.    Plaintiff teleworked for Defendant parttime beginning on or about 2017.

34.    Plaintiff and many others worked from home 100% of the time from on or about March 2020.

35.    Plaintiff was able to fully work remote for Defendant.

36.    Plaintiff comes from a Christian family that opposes abortion.

37.    Plaintiff was baptized on November 6, 2016.

38.    Plaintiff sincerely holds the religious belief that she cannot take the Covid-19 vaccine.

39.    Plaintiff believes that the vaccines run afoul of her religious beliefs in multiple ways.

40.    Plaintiff's religious beliefs comport with 29 C.F.R. § 1605.1.

41.    Plaintiff requested an accommodation from Defendant's Covid-19 vaccine policy.

42.    Defendant chose to institute a vaccine policy.

43.    Defendant demanded that all employees be fully vaccinated.

44.    Defendant denied Plaintiff's accommodation request.

45.    Defendant did not engage in good faith in the interactive process.

46.    Defendant could have offered Plaintiff an accommodation.

47.    Defendant denied Plaintiff's accommodation request, because it was biased against Plaintiff's religious beliefs.

48.    Defendant sought to make Plaintiff's sincerely held religious beliefs a political issue.

49.    Plaintiff proposed reasonable accommodations to Defendant.

50.    Defendant neither accepted Plaintiff's proposed accommodation requests nor made any counterproposals.

51.    Defendant simply did not want to provide an accommodation to Plaintiff.

52.    Defendant acted in reckless disregard of Title VII.

53.    Defendant willfully violated Title VII.

54.    Defendant intentionally violated Title VII to promote its political views.

55.    Plaintiff's religious views were not agreeable to the Defendant.

56.    Plaintiff lost her job because of her religion.

57.    Defendant is engaged in interstate commerce as it accepts monies from insurance companies located outside of Oregon, it treats patients that come from Oregon as well as outside of Oregon, it purchases equipment that is made out-of-state, it accepts Medicare and Medicaid.

58.    Defendant receives federal funds.

59.    Title VII required Defendant to engage in the interactive process with Plaintiff.

60.     Title VII required Defendant to provide an accommodation to Plaintiff.

61.     Defendant had a duty to accommodate Plaintiff pursuant to 29 C.F.R. § 1605.2(b)(1).

62.     Defendant was not justified in denying Plaintiff an accommodation.

63.     Defendant is unable to demonstrate that accommodating Plaintiff would pose an undue hardship.

64.     Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission (EEOC) within 180 days of being denied an accommodation.

65.     Plaintiff filed a charge of discrimination within 180 days of being discharged.

66.     The EEOC investigated Plaintiff's charge of discrimination.

67.     The EEOC found reasonable cause.

68.     The EEOC issued a notice of right to sue letter.

69.     Plaintiff files her Complaint within 90 days of receiving her notice of right to sue.

70.    All preconditions to bringing suit have been accomplished.

71.    Plaintiff has suffered damages as a result of Defendant's violations of Title VII.

72.    Defendant permitted Plaintiff to lose her job in whole or in part because of her sincerely held religious beliefs.

73.    The decision to terminate Plaintiff was motivated by Plaintiff's sincerely held religious views.

74.    Plaintiff was an employee in good standing.

**Count I – Failure to Accommodate**

75.    Plaintiff reincorporates paragraphs 1 through 74 as if fully stated herein.

76.    Plaintiff was entitled to a reasonable accommodation.

77.    Plaintiff proposed reasonable accommodations.

78.    Defendant did not accommodate Plaintiff.

79.    Because Defendant refused to accommodate Plaintiff, she lost her job.

Wherefore, Plaintiff demands trial by jury, judgment, back pay, front pay if reinstatement is not feasible, compensatory damages, attorneys'

fees, costs and any other relief the Court deems just.

**Count II – Religious Discrimination**

80.     Plaintiff reincorporates paragraphs 1 through 74 as if fully

stated herein.

81.     Defendant discriminated against Plaintiff on account of her

religion.

82.     Defendant had a policy that discriminated against certain

religious views.

83.     Defendant discharged Plaintiff because of her religious views.

Wherefore, Plaintiff demands trial by jury, judgment, back pay, front

pay if reinstatement is not feasible, compensatory damages, attorneys'

fees, costs and any other relief the Court deems just.

Respectfully submitted this 20th day of October 2023,

/s/ Bernard R. Mazaheri
Bernard R. Mazaheri
Oregon Bar Number 196610
Mazaheri & Mazaheri
PO Box 656
Frankfort, Kentucky 40602
Email - Bernie@TheLaborFirm.com
Tel – (502) 475-8201

*Attorney for Plaintiff*